**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2738 (FLW) (LHG) <br> JUDGE FREDA L. WOLFSON <br> MAG. JUDGE LOIS H. GOODMAN |
| LAURA HANSON, <br><br>                Plaintiff, <br><br> v. | COMPLAINT AND JURY DEMAND <br><br> Civil Action No.: 03:21-CV-18757 |
| JOHNSON & JOHNSON, INC., JOHNSON & JOHNSON CONSUMER, INC. <br><br>                Defendants. | DIRECT FILED ACTION |

**SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiff named below files this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff files this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff shall add and include them herein.

1

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff

1. Name of individual injured due to the use of talcum powder product(s): Laura Hanson.

2. At the time of the filing of the specific case, Plaintiff is a citizen of Newmarket, New Hampshire.

3. Consortium Claim(s): N/A.

4. Survival and/or Wrongful Death Claims: N/A.

5. Plaintiff was born on November 14, 1980.

6. Plaintiff is filing this case in a representative capacity as the N/A of the N/A.

7. As a result of using talcum powder product(s), Plaintiff suffered personal and economic injuries that are alleged to have been caused by the use of the product(s) identified in Paragraph 16 below, but not limited to, the following:

   | X | injury to herself |
   |---|---|
   |   | injury to the person represented |
   |   | wrongful death |
   |   | survivorship action |
   | X | economic loss |
   |   | loss of services |
   |   | loss of consortium |
   |   | other: _____ |

### Identification of Defendants

8. Plaintiff is suing the following Defendants[1]

   ☒ Johnson & Johnson

   ☒ Johnson & Johnson Consumer Inc.

   ☐ Imerys Talc America, Inc. ("Imerys Talc")

   ☐ Personal Care Products Council ("PCPC")

**Additional Defendants:**

   ☐ Other(s) Defendant(s) (please specify): <u>N/A</u>

## JURISDICTION & VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

   ☒ Diversity of Citizenship

   ☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

**Venue:**

10. District Court and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: The United States District Court for the District of New Hampshire.

## CASE SPECIFIC FACTS

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

11. Plaintiff currently resides in Newmarket, New Hampshire.

12. At the time of the Plaintiff's diagnosis with a talcum powder product(s) injury, Plaintiff resided in Newmarket, New Hampshire.

13. The Plaintiff was diagnosed with a talcum powder product(s) injury in Boston, Massachusetts on or about March 3, 2017.

14. To the best of Plaintiff's knowledge, Plaintiff began using talcum powder product(s) on or about 1980 and continued the use of talcum powder product(s) through about 2016.

15. The Plaintiff purchased talcum powder product(s) in the state of New Hampshire.

16. Plaintiff used the following talcum powder product(s):

    ☒   Johnson & Johnson's Baby Powder

    ☐   Shower to Shower

## CAUSES OF ACTION

17. Plaintiff hereby adopts and incorporates by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff:

    ☐   Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

    ☒   Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

    ☐   Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

    ☒   Count IV: Products Liability – Strict Liability – Defendant Manufacturer and Design (Against the Johnson & Johnson Defendants)

4

- ☒ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

- ☒ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

- ☒ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

- ☐ Count VIII: Negligence (Against Imerys Talc)

- ☒ Count IX: Negligence (Against the Johnson & Johnson Defendants)

- ☐ Count X: Negligence (Against PCPC)

- ☒ Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

- ☒ Count XII: Fraud (Against the Johnson & Johnson Defendants)

- ☐ Count XIII: Fraud (Against PCPC)

- ☒ Count XIV: Violation of State Consumer Protection Laws of the State of New Hampshire (Against the Johnson & Johnson Defendants)

- ☐ Count XV: Fraudulent Concealment (Against Imerys Talc)

- ☒ Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

- ☐ Count XVII: Fraudulent Concealment (Against PCPC)

- ☒ Count XVIII: Civil Conspiracy (Against All Defendants)

- ☐ Count XIX: Loss of Consortium (Against All Defendants)

- ☒ Count XX: Punitive Damages (Against All

      Defendants)

  ☒  Count XXI: Discovery Rule and Tolling (Against All Defendants)

  ☐  Count XXII: Wrongful Death (Against All Defendants)

  ☐  Count XXIII: Survival Action (Against All Defendants)

 Furthermore, Plaintiff, Laura Hanson, asserts the following additional theories and/or State Causes of Action against Defendants identified in Paragraph nine (9) above. If Plaintiff includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff in a manner complying with the requirements of the Federal Rules of Civil Procedure.

 **WHEREFORE**, Plaintiff, Laura Hanson, prays for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

**JURY DEMAND**

 Plaintiff hereby demands a trial by jury as to all claims in this action.

            Respectfully Submitted by:

            /s/Fletcher V. Trammell

            ***Counsel for Plaintiff***
            Fletcher V. Trammell, Esq. (SBN:24042053)
            Melissa Binstock Ephron, Esq. (SBN:24101518)
            3262 Westheimer, Suite 423
            Houston, Texas 77098
            Telephone: (800) 405-1740
            Facsimile:(800)532-0992
            fletch@trammellpc.com
            melissa@trammellpc.com